IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CURTIS STEWART, | ) | |
| Register No. 182472, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4204-CV-C-SOW |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary, injunctive and declaratory relief, pursuant to 42 U.S.C. § 1983. Named defendants in plaintiff's original and amended complaints are Dave Dormire, Tom Clement, Steven Long, Arthur Woods, Bill Galloway, Jay Cassady, R. Marion Ortbals, Michael Ragain, Gregory Patrick, Richard Martin, R. Bainbridge, Cecil Pettus, F. Connell, L. Wright, David Webster, Sgt. Woods, Jane Doe, Robyn Combs, Larry Crawford, Walter Freisen, Lisa Jones, Wanda Laramore, Debra Lewis, and Caseworker Rupal.

Plaintiff's original and amended complaints make extensive claims in numbered paragraphs 1 through 186. Such claims allege, among other things, that plaintiff is being forced to double-cell in administrative segregation behind a box-car cell door with inmates who are incompatible; thus, endangering his safety and health, in violation of the Eighth Amendment. Plaintiff alleges he was assaulted by his previous cell-mate, suffered back injuries from such assault and that he is being denied medical care for such injuries. Plaintiff further alleges that the conditions of his confinement while in administrative segregation at Jefferson City Correctional Center (JCCC) are inhumane, and constitute a

dramatic departure from the basic conditions of prison. Plaintiff alleges he is being denied adequate food, recreation time, access to courts, adequate exposure to natural sunlight, toilet paper, and an adequate mattress while in administrative segregation. Plaintiff further alleges he is only allowed a change of clothes once per week; that the laundry is not adequately cleaned; and that he is denied adequate winter clothing. Plaintiff also alleges unsanitary conditions are imposed upon him because he is being forced to share one electric razor with all of the other administrative segregation inmates. Plaintiff further alleges that defendants have issued him conduct violations in retaliation for filing grievances and this lawsuit regarding double-celling. Plaintiff appears to also claim he is being denied his request for a protective-custody transfer, and rather, has been assigned permanently to administrative segregation at JCCC. Plaintiff alleges he is forced to sign enemy waivers in order to be released from Administrative Segregation, thus, endangering his safety.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although plaintiff's allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

Plaintiff has named a "Jane Doe." Generally, the use of "Jane Doe" defendants is not permitted in federal practice. *Iseley v. Bucks County*, 549 F. Supp. 160, 163 n.3 (E.D. Pa. 1982); *Rosenthal v. State of Nevada*, 514 F. Supp. 907, 914 (D. Nev. 1981); *Breslin v. City and County of Philadelphia*, 92 F.R.D. 764 (E.D. Pa. 1981); *Joel v. Various John Does*, 499 F. Supp. 791, 792 (D. Wis. 1980); *United States, ex rel. Davis v. Long's Drugs, Inc.*, 411 F. Supp.

2

1144, 1153 (S.D. Cal. 1976); *M.J. Brock & Sons, Inc. v. City of Davis*, 401 F. Supp. 354, 357 (N.D. Cal. 1975). In some instances, however, the use of "John Doe" defendants has been permitted where the identity of the alleged defendants is not known prior to the filing of the complaint, but may be determined through pretrial discovery. *See Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *Productions & Leasing v. Hotel Conquistador, Inc.*, 573 F. Supp. 717 (D. Nev. 1982), *aff'd*, 709 F.2d 21 (9th Cir. 1983). Other defendants may be ordered to provide the identity of John Doe defendants or plaintiff may be permitted discovery to identify John Doe defendants. *Weiss v. Moore*, No. 92-2848, slip op. (8th Cir. Apr. 12, 1993) (unpublished) (citing *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985)).

Furthermore, "[d]ismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention" and upon discovery of the defendant's identity, plaintiff should be permitted to amend his complaint. *Munz v. Parr*, 758 F.2d at 1257.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $1.70[1] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

Plaintiff has filed several motions for preliminary injunctive relief as to his claims. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975), *cited with approval in Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857 (8th Cir. 1980). *See also Cole v. Benson*, 760 F.2d 226 (8th Cir. 1985), *cert. denied*, 474 U.S. 921 (1985). In *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Id.* at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The burden of

4

proof is on the party seeking injunctive relief. *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470 (8th Cir. 1994).

Plaintiff's claims for preliminary injunctive relief fail to indicate there is any imminent threat of serious harm to plaintiff. Plaintiff appears to be currently assigned to a single-man cell in administrative segregation, and thus, protected from his enemies. Furthermore, plaintiff's allegations regarding the conditions of administrative segregation are not issues which appear to be imminent to plaintiff's immediate health, and thus, this court finds that plaintiff's extensive complaints regarding his assignment to administrative segregation are such that they can be resolved via the normal processing of this case. Therefore, plaintiff's motions for preliminary injunctive relief should be denied, without prejudice.

Plaintiff has also filed a motion for appointment of counsel under 28 U.S.C. § 1915, which authorizes the court to request an attorney to represent an individual who is unable to afford counsel. It is the practice of this court to grant provisional leave to proceed in forma pauperis to individuals who qualify on the basis of indigence, even though the case may be subject to dismissal under 28 U.S.C. §§ 1915 or 1915A on other grounds. It is the general practice of this court to deny requests for appointment of counsel in the very early stages of the proceedings before an answer has been filed, or when it appears that dismissal may be warranted because the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. §§ 1915 or 1915A. Accordingly, plaintiff's request for appointment of counsel is denied.

Plaintiff has further filed a motion regarding discovery. Defendants have not waived service of process or been served with plaintiff's complaints; thus, such motion is premature and is denied, without prejudice.

Finally, on December 5, 2005, plaintiff filed a motion for leave to file supplemental pleadings in which he names an additional defendant Reed, and continues with his

5

complaints as to the conditions of his administrative confinement. Such motion is granted. However, this court advises plaintiff that his extensive, lengthy and repetitive filings with this court are slowing the processing of his case, and he should refrain from filing duplicative and nonessential filings with the court. Plaintiff should not attempt to litigate every conceivable injury that occurs during the pendency of this lawsuit. Plaintiff should only raise matters related to the substantive issues on which he is being granted leave to proceed.

IT IS, THEREFORE, ORDERED that plaintiff's motion to file supplemental pleadings naming additional defendant Reed is granted [23]. It is further

ORDERED that plaintiff's motion for discovery is denied, without prejudice [21]. It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [22]. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915 [9, 10]. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $1.70 toward the $250.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

ORDERED that plaintiff's motion for order to introduce documents as exhibit evidence is granted [18]. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief be denied, without prejudice [1, 14, 17, 23, 24, 25].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the

specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 17th day of January, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge