IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CURTIS STEWART, Register No. 182472, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-4204-CV-C-SOW |
| ) | |
| DAVE DORMIRE, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT, RECOMMENDATION AND ORDER

Plaintiff Curtis Stewart, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants Rebecca Bainbridge, Jay Cassady, Tom Clements, Robyn Combs, Frances Connell, Larry Crawford, Dave Dormire, Walter Freisen, Bill Galloway, Lisa Jones, Deborah Lewis[1], Steve Long, Marian Ortbals, Richard Martin, Gregory Patrick, Cecil Pettus, Michael Ragain, Debra Reed, Ed Ruppel, David Webster, Arthur Wood and Byron Wood filed a motion to dismiss or, in the alternative, motion for judgment on the pleadings. Plaintiff filed a response in opposition. No reply was filed.

Defendants David Murphy, Robert Walling, Timothy Bax, Wendell Enloe, Stanley Swicord, Nina Branson, Richard Jones, Jerry Ellison and Tom Koch also filed a motion to dismiss, incorporating the motion to dismiss previously filed by defendants Bainbridge, et al. Plaintiff filed a response incorporating his previous response. Subsequently, defendants Richard Corser and Henry Jackson filed motions to dismiss, incorporating the motion to dismiss filed by defendants Bainbridge, et al. As directed by plaintiff in his previous filing, the court will consider his previous response filed in opposition to the motion of Bainbridge, et al.

---

[1]Plaintiff's claims against defendant Lewis were dismissed, without prejudice, on July 6, 2006.

Defendants argue that plaintiff's claims do not contain specific allegations of personal involvement by defendants in any action that plaintiff alleges is unconstitutional. Defendants further argue that plaintiff's allegations fail to state a claim sufficient to constitute cruel and unusual punishment, in violation of the Eighth Amendment. Defendants argue that prisons are not required to be comfortable institutions; rather, a violation of the Eighth Amendment occurs when conditions of confinement are characterized by conditions and practices so bad as to be shocking to the conscience of reasonably civilized people. Defendants argue that administrative segregation is not unconstitutional.

In support of his claims, plaintiff alleges that the actions of defendants include the authorization and implementation of Jefferson City Correctional Center (JCCC) practices and policies which violate his constitutional rights. Plaintiff cites forced double-celling in administrative segregation cells which have boxcar-type doors, and which are designed for single-celling of inmates as a violation of his constitutional rights to be free from cruel and unusual punishment. Plaintiff further alleges that such forced double-celling has resulted in his being assaulted on two occasions by administrative segregation cellmates, causing him to receive back injuries. Plaintiff alleges a failure-to-protect claim, citing defendants' knowledge of concerns by plaintiff in his double-celling administrative segregation confinement. Plaintiff further alleges retaliation for complaining about double-celling; claiming that he has been issued conduct violations and denied the opportunity to participate in the Step-Up Program, resulting in his long-term Phase I administrative segregation confinement. Plaintiff further cites denial of equal protection, alleging denial of privileges enjoyed by Phases II and III administrative segregation inmates who are allowed to participate in the Step-Up Program. Plaintiff alleges that administrative segregation conditions are a violation of the Eighth Amendment because he is being denied adequate food, citing a significant weight loss over a 90-day period; adequate recreation; and proper warm clothing for cold weather outdoor recreation. Plaintiff further alleges denial of adequate hygiene supplies in Phase I administrative segregation. Plaintiff alleges disciplinary policy which allowed a cover to be placed over his cell door window, blocking all light for a period of 15 days, constituted cruel and unusual punishment. Plaintiff further alleges denial of access to courts, citing no meaningful assistance allowed for administrative segregation inmates, resulting in dismissal of habeas corpus petition. Plaintiff

alleges denial of protective custody and resulting assignment to continued administrative segregation as an alternative, violate his Eighth Amendment rights. Plaintiff further alleges that his placement on special security orders, and its corresponding restrictions, violate his constitutional rights. Plaintiff alleges that despite transfer recommendation, JCCC defendants refuse to transfer him. Plaintiff further alleges he is being denied adequate medical treatment for his back injury, and that mentally challenged administrative segregation inmates are being treated very poorly by JCCC staff, in violation of their rights. Finally, plaintiff alleges that defendants should reimburse his inmate account monies for perishable food items which were confiscated upon his assignment to administrative segregation.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

The standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss. The distinction between a motion to dismiss and for judgment on the pleadings is merely a procedural issue,[2] and thus, a Rule 12(c) motion for judgment on the pleadings is reviewed under the standard that governs 12(b)(6) motions. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing St. Paul Ramsey County Med. Ctr. v. Pennington County, 857 F.2d 1185, 1187 (8th Cir. 1988)).

Upon review, defendants' motions should be granted, in part, and denied, in part. Defendants' motions should be granted as to plaintiff's retaliation and related claims challenging conduct violations received by plaintiff. "If the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994), cert. denied, 515 U.S. 1145 (1995). See also Orebaugh v.

---

[2] Technically, pursuant to Rule 12(b)(6), a 12(b)(6) motion to dismiss cannot be filed after an answer has been submitted.

Caspari, 910 F.2d 526, 528 (8th Cir. 1990) ("no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner is not entitled to perform"). There is no claim by plaintiff that he was issued conduct violations for actions he was entitled to perform. Rather, plaintiff's claim is that because of the unconstitutional policies and rules related to double-celling, he was issued conduct violations for his failure to conform to such policies and rules. Plaintiff does not allege he did not commit the violations. Plaintiff cannot challenge conduct violations as retaliation simply because they are based upon a policy with which he disagrees and is challenging via the filing of a lawsuit.

Plaintiff's allegations of retaliation with regard to his denial of the benefits of the Step-Up Program are also based upon his refusal to conform to the policies and rules with regard to double-celling. Thus, again, plaintiff cannot state a claim of retaliation for denial of the opportunity to participate in the Step-Up Program when he has failed to meet the requirements of such program, albeit such qualifications include accepting a cellmate while in administrative segregation. Plaintiff fails to state a viable claim of retaliation under 42 U.S.C. § 1983.

Defendants' motions to dismiss should further be granted on plaintiff's claims that his equal protection rights are violated in that he is being denied the privileges afforded to inmates in the Step-Up Program which have achieved status of administrative segregation Phase II or III. To establish a claim under the Equal Protection Clause, a plaintiff must show he has been treated by a state actor differently than those similarly situated because he belongs to a particular class, Inmates of the Nebraska Penal and Correctional Complex v. Greenholtz, 567 F.2d 1368, 1374 (8th Cir. 1977), or because a fundamental right is involved, Alcala v. Burns, 545 F.2d 1101 (8th Cir. 1976). Plaintiff acknowledges he is classified as a Phase I administrative segregation inmate, and thus, fails to show how he is similarly situated to those inmates in Phase II or III. Furthermore, plaintiff's complaint is to the privileges afforded to these inmates, such as access to the prison canteen, and does not involve a fundamental right. Plaintiff fails to state a claim under equal protection.

Defendants' motions to dismiss should further be granted on plaintiff's claims alleging denial of medical treatment and challenging the poor treatment provided to mentally challenged administrative segregation inmates. Plaintiff has no legal standing to challenge alleged unconstitutional practices on behalf of other inmates. As to plaintiff's allegations of denial of

4

proper medical treatment, the court notes plaintiff has consented to a dismissal, without prejudice, with regard to such claims against Correctional Medical Services defendant Wanda Laramore. Furthermore, plaintiff fails to allege that nonmedical JCCC defendants are charged with providing medical treatment to plaintiff, or that he properly requested such treatment from such nonmedical JCCC staff and was refused. Plaintiff fails to state a viable claim of denial of medical treatment.

Finally, defendants' motions to dismiss should be granted as to plaintiff's claims seeking reimbursement for perishable food items that were removed from his possession upon receiving administrative segregation assignment. Plaintiff, in essence, alleges state employees violated his due process rights under the Fourteenth Amendment when they took his property. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990); Sours v. Armontrout, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 2001 WL 118147 (Mo. App. Feb. 13, 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 2005).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

Defendants' motions to dismiss should be denied, however, with regard to plaintiff's claims against Branson, Combs, Dormire, Crawford, Corser, Walling, Enloe, Long, Clements, Arthur Wood, Galloway, Lisa Jones, Cassady, Ortbals, Webster, Ruppel, Freisen and Reed.

Although the Constitution does not mandate comfortable prisons, it does not permit inhumane ones, and it is well settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment imposes duties on prison officials, who must provide humane conditions of confinement to ensure inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Id.

Taking plaintiff's complaint in the light most favorable to plaintiff, plaintiff has sufficiently plead allegations against defendants based upon either their authorization and implementation of JCCC practices and policies which allegedly cause plaintiff's constitutional rights to be violated, or directly via their actions which are violating plaintiff's Eighth Amendment rights. Specifically, defendants' motions to dismiss are denied as to plaintiff's claims regarding the double-celling of administrative segregation inmates; a failure to protect; conditions of administrative segregation; denial of adequate food, recreation, proper warm clothing for cold weather outdoor recreation, and hygiene supplies; assignment to long-term administrative segregation in lieu of protective custody or transfer; disciplinary policy which allows a cover to be placed over plaintiff's cell door window, blocking all light; and placement on special security status, as violations of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

Further, defendants' motions should be denied as to plaintiff's claims regarding denial of access to courts. An inmate has a constitutional right to meaningful access to courts, and plaintiff's claims alleging denial of such right, and his alleged dismissal of his previous habeas petition based upon such denial are sufficient to allow plaintiff to proceed on these claims.

A review of the record indicates named defendant L. Wright has not been served with process. Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own

6

initiative after notice to the plaintiff, shall dismiss the action without prejudice as
to that defendant or direct that service be effected within a specified time;
provided that if the plaintiff shows good cause for the failure, the court shall
extend the time for service for an appropriate period.

Plaintiff was granted leave to proceed in forma pauperis on January 17, 2006. Here, it has been more than 120 days since plaintiff's complaint was filed naming L. Wright as a defendant. Plaintiff has not provided an address for named defendant Wright.

Upon consideration of defendants' motion for an extension of time, it is

ORDERED that the parties are granted until June 1, 2007, to file dispositive motions [75]. It is further

RECOMMENDED that plaintiff's claims against L. Wright be dismissed, pursuant to Fed. R. Civ. P. 4(m). It is further

RECOMMENDED that defendants' motions to dismiss be granted, in part, and denied, in part [38, 50, 69, 74]. It is further

RECOMMENDED that defendants' motions to dismiss be granted as to plaintiff's claims against defendants Bainbridge, Bax, Connell, Ellison, Jackson, Richard Jones, Koch, Lewis, Martin, Murphy, Patrick, Pettus, Regain, Swicord, Byron Wood and Wright; claims of retaliation and related claims regarding conduct violations received, denial of access to the Step-Up Program, equal protection, denial of medical care; and claims seeking reimbursement of monies for confiscated perishable food items, and those claims be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. It is further

RECOMMENDED that defendants' motions to dismiss be denied on plaintiff's claims against defendants Branson, Cassady, Clements, Combs, Corser, Crawford, Dormire, Enloe, Freisen, Galloway, Lisa Jones, Long, Ortbal, Reed, Ruppel, Walling, Webster, and Arthur Wood, and plaintiff's corresponding claims regarding double-celling of administrative segregation inmates; failure to protect; conditions of administrative segregation, denial of adequate food, recreation, proper warm clothing for cold weather outdoor recreation, and hygiene supplies; assignment to long-term administrative segregation in lieu of protective custody or transfer; disciplinary policy allowing a cover to be placed over plaintiff's cell door window blocking all light; placement on special security status, as violations of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment; and denial of access to courts.

7

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 24th day of October, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge